1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE TAYLOR, | )     Case No. CV 20-3903-AB (JEM) |
|         Petitioner, | ) |
|         v. | )     MEMORANDUM AND ORDER<br>)     DISMISSING PETITION WITH<br>)     LEAVE TO AMEND |
| UNITED STATES OF AMERICA, | ) |
|         Respondent. | ) |
| | ) |

On April 29, 2020, Bobby Lee Taylor ("Petitioner"), a federal prisoner proceeding pro se, filed a document entitled "Petition for Review," which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition").  The Court's review of the Petition reveals that it is deficient on its face and must be dismissed with leave to amend.

### Petitioner Must Name a Proper Respondent

The Petition appears to challenge the legality of Petitioner's confinement.  He has named the United States of America as the Respondent.  Under Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004), as a default rule a habeas petitioner challenging his confinement may only proceed against the person with immediate custody over him, which is the warden or other person in charge of the facility in which he is confined.

1   If Petitioner chooses to file an amended petition, he must name the warden or other

2   person in charge of Petitioner's present place of confinement, which appears to be the

3   Federal Correctional Institution at Terminal Island.

4      Failure to Identify Claims

5   Petitioner has failed to identify any legal claims that would provide a basis for relief or

6   the factual basis for those claims.  Petitioner is a federal prisoner, but he has attached a

7   California Supreme Court order denying his petition for review.  Thus, it appears he is

8   attempting to challenging a state court judgment, but he has not identified the reason for his

9   federal confinement, how it relates to any state court judgment, or the particular relief he

10   seeks here.  Petitioner has failed to state a cognizable claim for relief.  In light of his pro se

11   status, the Court will allow Petitioner an opportunity to correct these deficiencies and

12   articulate his claims in an amended petition.

13                            **ORDER**

14   For the reasons set forth herein, the Petition is **DISMISSED WITH LEAVE TO**

15   **AMEND**.

16   If Petitioner elects to pursue this action, he is **ORDERED** to file a First Amended

17   Petition no later than **June 19, 2020**, which remedies the deficiencies discussed above.

18   The Clerk is directed to provide Petitioner with the appropriate forms for filing a

19   petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. §

20   2241.  If Petitioner chooses to file a First Amended Petition, it should: (1) bear the docket

21   number assigned in this case; (2) be labeled "First Amended Petition"; (3) be filled out

22   exactly in accordance with the directions on the form; and (4) be complete in and of itself

23   without reference to the previous petition or any other pleading, attachment, or document.

24   Petitioner is cautioned that failure to file a First Amended Petition by June 19, 2020,

25   may result in dismissal of this action without prejudice for failure to prosecute and/or failure

26   to comply with a court order.  No extension of this deadline will be granted absent a

27   showing of good cause.

28

Petitioner shall immediately notify the Court of any change of address.  If Petitioner fails to keep the Court informed of his current address, this action may be dismissed for failure to prosecute and/or failure to comply with a court order.  <u>See</u> Local Rule 41-6.

**IT IS SO ORDERED.**

DATED: <u>May 19, 2020</u>                              <u>        /s/ John E. McDermott        </u>
                                                                              JOHN E. MCDERMOTT
                                                                              UNITED STATES MAGISTRATE JUDGE